UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TITO A. THOMAS, | No. 2:13-cv-01030 DAD P |
| Petitioner, | |
| v. | ORDER |
| JEFFREY BEARD, | |
| Respondent. | |

  Petitioner is a parolee who has filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and an application to proceed in forma pauperis. Petitioner challenges a 2012 judgment of conviction entered against him following a non-jury trial before the Sacramento County Superior Court for grand theft, perjury and making fraudulent claims, all in violation of California Penal Code §§ 487(a), 118, 129 and 72. Plaintiff has consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See ECF No. 4.)

**I. Application to Proceed In Forma Pauperis**

  Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

**II. Exhaustion of State Court Remedies**

  The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived

1

explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal habeas court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

Here, petitioner's federal habeas petition was filed on May 23, 2013 after his state habeas relief was denied by the California Supreme Court on May 15, 2013. (ECF No. 26-31 & 16.) In his habeas petition filed with the California Supreme Court, petitioner stated his grounds for relief merely as follows:

> Don't understand what was going on in Court do [sic] to medication. That cost me not being myself. [sic] I have to see a doctor over at medical Health [sic] for bad medication.

(ECF No. 1 at 28.) In support of this claim for relief, petitioner alleged only as follows:

> Their [sic] are lies that Office of Attorney General said and don't show. They perjury them self. [sic] They use false Testimony [sic] on the case.

(Id.) In his amended petition for federal habeas relief pending before this court, petitioner presents the following grounds for relief:

> Ground one:  (d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest. (J) Denial of right of Appeal.
>
> Ground two:  (f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendent [sic] evidence favorable to the defendant.
>
> Ground three:  (E) Conviction obtained by a violation of the privilege against self-incrimination.

(ECF No. 7 at 4-5.)

Comparison of the petition filed in the California Supreme Court with the petition for habeas relief before this court makes clear that petitioner did not exhaust his current claims before the state high court prior to filing his federal habeas petition.  Further, there is no

/////

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

allegation that state court remedies are no longer available to petitioner. Accordingly, the pending amended petition will be dismissed without prejudice.[2]

**III. Other Matters**

    A. Motion for the Appointment of Counsel

    Petitioner has filed two motions for the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time in light of the conclusion reached herein that the amended petition must be dismissed without prejudice. Accordingly, petitioner's motions for appointment of counsel will be denied.

    B. Request to Transfer Case

    Petitioner has also filed a request that this action be transferred to Los Angeles because that location is closer to where petitioner resides.[3] In light of the dismissal of this action for the reasons set forth above, petitioner's request to transfer this action will be denied as moot.

**IV. Conclusion**

    In accordance with the above, IT IS HEREBY ORDERED that:

    1. Petitioner's May 23, 2013 application to proceed in forma pauperis (ECF No. 2) is granted;

    2. Petitioner's June 10, 2013 and June 13, 2013 motions for the appointment of counsel (ECF Nos. 5 & 6) are denied;

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

[3] Los Angeles is located within the boundaries of the U.S. District Court for the Central District of California

3

3. Petitioner's November 25, 2013 request for this case to be transferred (ECF No. 10) is denied as moot;

4. Petitioner's amended petition for a writ of habeas corpus is dismissed without prejudice for failure to exhaust his claims by first presenting them to the state high court; and

5. This action is closed.

Dated:  December 17, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
thom1030.103

DAD:4
thom1030.fte